UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRP FUND V, LLC, | Case No. 2:20-cv-00789-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court is Defendant's Motion to Dismiss and Motion for Leave to File Supplemental Authority. ECF Nos. 6, 16. For the reasons below, the Court grants the motions.

### II.   PROCEDURAL BACKGROUND

On April 7, 2020, Plaintiff filed a complaint in the Eighth Judicial District Court. ECF No. 1-1. On May 1, 2020, Defendant removed the case to this Court. ECF No. 1. On May 8, 2020, Defendant filed a motion to dismiss. ECF No. 6. Plaintiff responded on May 21, 2020 and Defendant replied on June 3, 2020. ECF Nos. 10, 15. On July 28, 2020, Defendant filed a motion for leave to file supplemental authority. ECF No. 16. Plaintiff filed a response on August 3, 2020 and Defendant filed a reply on August 10, 2020. ECF Nos. 17, 18.

### III.   FACTUAL ALLEGATIONS

In August 2007, Vilma Farray obtained title to the property located at 8812 Square Knot Avenue, Las Vegas, Nevada 89143 (APN 125-08-320003). The Property was financed through Morgan Financial, Inc. and a Deed of Trust was recorded in the official records of the Clark County

Recorder . As of July 1, 2009, Farray became delinquent in the monthly payments required under the Promissory Note secured by the Deed of Trust. Therefore, on October 7, 2009, OneWest Bank, FSB (Nationstar's predecessor), through its appointed Trustee of the Deed of Trust, MTSD, Inc., recorded a Notice of Default and Election to Sell Under Deed of Trust. The Notice of Default under the Deed of Trust declared: "[A]ll sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby." On May 18, 2010, MTDS, Inc., as the appointed Trustee for OneWest Bank FSB, recorded a Notice of Recission. The recission stated: "Notice is hereby given that the Beneficiary and/or the Trustee, does hereby rescind. . . it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default past, present, or future, under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice." On December 19, 2014, the Spring Mountain Ranch Master Association, through its appointed agent Nevada Association Services, Inc., conducted a foreclosure sale. The Property was sold to Panda LLC Series 8812 Square Knot for $91,000.00. The Property was subsequently sold to Plaintiff, TRP Fund V, LLC ("TRP").

### IV.     LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

1  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).  The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**V.    DISCUSSION**

As a preliminary matter, this Court finds good cause to grant Defendant's Motion for Leave to File Supplemental Authority. Defendant attached Glass v. Select Portfolio Servicing, Inc., No. 78325, 2020 WL 3604042 (Nev. July 1, 2020), a recent Nevada Supreme Court decision, that this Court finds provides sufficient persuasive authority to the instant motion.

The Court also finds that the parties do not contest the allegations as noted by the Court.

Defendant argues that when it filed the Notice of Default on October 7, 2009, this did not accelerate the payment due under the Deed of Trust. This Court disagrees. Under NRS 106.240, a deed of trust terminates ten years after the deed of trust is "wholly due" according to "the terms [of the debt] or any recorded written extension." NRS 106.240. The statute does not define "wholly due" Id. The Nevada Supreme Court, however, has endorsed by implication the finding that acceleration of a note serves to make the full amount "wholly due". In Glass, the court affirmed the district court's determination that the rescission of the notice of default effectively decelerated the loan, and therefore the loan was not presumed satisfied under NRS 106.240. Id. at * 2. Therefore, the Notice of Default effectively accelerated the loan. Here, the Court finds that Nationstar accelerated the loan by recording the Notice of Default on October 7, 2009 therefore, triggering the ten-year period under NRS 106.240.

1    Nationstar argues that the recorded May 18, 2010 Notice of Recission decelerated the loan.
2    This Court agrees. The Notice of Recission rescinded the Notice of Default and restored the parties
3    to the prior status held before the Notice of Default was filed. See Bank of America N.A. v. Estrella
4    III Homeowner's Association, No. 2:16-cv-02835-APG-DJA, 2020 WL 419004, at *3 (D. Nev.
5    Jul. 21, 2020) (finding that a recission to a notice of default cancels the acceleration for the
6    purposes of NRS 106.240). However, the Nevada Supreme Court has not provided complete
7    guidance about what terms included in a notice of recission decelerates the loan. In Glass the court
8    found the recission clearly stated that it "does herby rescind, cancel and withdraw the Notice of
9    Default and Election to Sell." Id. at * 3. Here, Nationstar's Notice of Recission does not contain
10   identical language, and it included qualifying language that does not make deceleration of the loan
11   explicit. However, this Court finds that Nationstar did decelerate the loan when it recorded the
12   May 18, 2020 Notice of Recission. The Court also finds that TRP presents a viable argument
13   concerning the language of the Notice of Recission. Therefore, the Court grants Nationstar's
14   Motion to Dismiss without prejudice. As there is a Ninth Circuit appeal that may address these
15   issues, the Court will stay this case pending the outcome of the appeal.[1]

**VI.    CONCLUSION**

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) and Motion for Leave to File Supplemental Authority (ECF No. 16) are GRANTED without prejudice.

**IT IS FURTHER ORDERED** that this case is STAYED. The Parties are directed to file a joint motion to lift the stay no more than 30 days after the Ninth Circuit resolves the related appeal(s) noted in this Order.

DATED: March 31, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] TRP Fund VIII, LLC v. NewRez LLC, No.: 2:20-cv-01001-APG-BNW, 2020 WL 5913991 (D. Nev. Oct. 6, 2020), appeal docketed, No. 20-17129 (9th Cir. Oct. 29, 2020); Pamela Valin, et al v. Nationstar Mortgage LLC, et al, No.:2:19-cv-01785, 2020 WL 4606662 (D. Nev. Aug. 11, 2020) appeal docketed, No. 20-16746 (9th Cir. Aug. 9, 2020).